## FEARS vs. LYNCH.

The negro of a *cestui que* trust is sold, and, with the proceeds of the sale, land is purchased, the title of which which passes to the *cestui que* trust : *held,* that the *cestui que* trust cannot retain the land and recover back the negro.

In equity, in Floyd superior court. Decision on demurrer, by Judge HAMMOND, March, 1859.

This bill was filed by Thomas Lynch, of the State of Alabama, against Peachy A. Fears, and in substance, alleges, that in 1853 complainant was merchandizing in Monroe county, Mississippi, and·was sent for by Hansford J. Fears, who was ·at the time sick in bed, and was a stranger·to complainant, who had recently commenced business in that neighborhood—that complainant went, and Fears informed him that the land upon which he then lived, he had purchased from Judge Morgan, and that the last payment was then due, and Morgan required payment, or the land to be given up, and proposed to sell complainant a negro boy named George, about eight or nine years old, in order to raise money to save his land. Complainant at first declined to purchase the negro, until his sympathies were excited by the appeals of Mrs. Peachy A. Fears, the wife of said Hansford, when he agreed to take the boy at five hundred and fifty dollars—five hundred dollars to be paid to Judge Morgan, and fifty to be paid to Fears. He inquired of both Fears and wife whether there was any incumbrance on the boy, and they both answered that there was none, and·that the title was good, and was in the said Hansford J. Fears. That he took a bill of sale for said negro, and required both Mr. and Mrs. Fears to sign it, Fears at his wife's request signing her name for her, she saying that she could not write, which bill of sale has been lost. That soon after, complainant paid to Judge Morgan five hundred dollars, which was the entire purchase money of said lands and not a part as complainant had been informed by Fears, and that he paid to Fears fifty·dollars, the balance of the purchase money of said negro.

·The bill further alleges that at the time complainant

purchased said negro, he had no notice that there was any encumbrance upon him, and believed that the title was in the said Hansford J. Fears. After the payment of said sum of five hundred and fifty dollars by complainant, the deed of conveyance of said land from Morgan was made to Mrs. Fears and not to her husband, and of this he had no knowledge until after he had paid the amounts aforesaid to Morgan and Fears. That said land so paid for by complainant, is situated in the county of Monroe, in the State of Mississippi, and Mrs. Fears is still in the possession of the same, and which is worth twelve or fifteen hundred dollars. That at the time complainant purchased said negro, the title was in said Peachy A. Fears, under a deed of gift to her. That complainant sold said negro before he had any notice of such deed of gift ; that Hansford J. Peachy died in 1858, and his wife the said Peachy A., afterwards brought suit against complainant for said negro, and recovered judgment for $866 62⅔. That she has sent said judgment or a transcript thereof, to Floyd county in this State, and sued out an attachment thereon against complainant, which has been levied upon two lots of land belonging to him.

The prayer of the bill is that defendant be compelled to elect either to execute titles to complainant for the land in Mississippi, and which he paid for as above stated, or to enter satisfaction on her judgment so obtained against complainant for said negro ; or that she be required, by a decree of this court, to sell said land and apply the proceeds to the payment of said judgment, and for an injunction to restrain her from proceeding with said attachment.

To this bill defendant demurred. The court overruled the demurrer and defendant excepted.

UNDERWOOD & SMITH, for plaintiff in error.

CHISOLM WADDELL, contra.

*By the Court.*—McDONALD, J., delivering the opinion.

It would be a gross fraud on the defendant in error, for the plaintiff in error to keep the land purchased with the proceeds of the sale of the negro, and then recover the negro back. The defendant in error was not compelled to make the defence set up in this bill to the action of trover for the recovery of the negro, or lose his remedy against the plaintiff in error for the conveyance of the land to him which was paid for with the money which he gave for the negro, or for such other relief as the court of chancery would afford him under the extraordinary course pursued by the plaintiff in error.

The bill must be answered.

Judgment affirmed.